HENSLEE, APPELLANT, *v.* MCLAUGHLIN, EXECUTIVE DIRECTOR, APPELLEE.

(No. 89AP-1002—Decided February 6, 1990.)

*Laura J. Henslee, pro se.*

*Anthony J. Celebrezze, Jr.,* attorney general, and *William Damsel,* for appellee.

WOLFF, J. Laura J. Henslee appeals the dismissal of her petition for declaratory judgment. The record, briefs, and oral arguments indicate that the facts are not in dispute.

Henslee was employed by the state of Ohio on four separate occasions. She withdrew contributions made to the Public Employees Retirement System of Ohio ("PERS"), on account of the first three periods of employment, at the end of those periods of employment. The withdrawn contributions represent almost eighteen years of service credit with PERS. Henslee has approximately thirteen years of service credit with PERS which she accumulated during her most recent period of employment. She received her final check for this last period of employment on October 26, 1985. Henslee is presently eligible to apply for and receive retirement benefits on account of this last thirteen-year period of service, with an effective benefit date of November 1, 1985.

Henslee seeks to receive retirement benefits based on approximately thirty-one years' service credit, with an effective date of November 1, 1985, by now redepositing her previously withdrawn contributions, together with interest, *i.e.,* by repurchasing service credit for approximately eighteen years.

On May 10, 1989, Henslee, representing herself, filed a petition for declaratory judgment regarding her rights to collect retirement benefits.

Henslee requested that the trial court decide the following issues:

"* * * (1) [I]f she redeposits withdrawn contributions with compound interest prior to retirement, when shall her benefits begin according to statute and (2) if she does not redeposit withdrawn contributions prior to retirement when will her monthly benefits begin in accordance with [the] statute and does she have the right to redeposit withdrawn contributions after she retires and is receiving benefits."

William S. McLaughlin, Executive Director of the Public Employees Retirement System of Ohio, moved to dismiss for failure to state a claim upon which relief may be granted, which motion the court sustained. The court reviewed R.C. 145.31, 145.41, 145.01(E), Ohio Adm. Code 145-19-01, and 145-9-02, and stated that, if Henslee repurchases the withdrawn PERS service credit, "* * * the effective date of benefits will be the first day of the month following the *repurchase* of such service credit as outlined in O.A.C. 145-9-01(A)(3) [*sic*]."

Henslee appeals and raises five assignments of error:

"1. It constitutes error to dismiss a petition for declaratory judgment based upon a claim that no controversy exist [*sic*] when the appellant clearly set forth that the controversies are that the defendant refuses to pay benefits in accordance with statute and insist[s] that administrative rule prevails over statute which denies the appellant forty-six months of retirement benefits.

"2. The lower court ruled that canceled service credit cannot be restored after retirement. This is contrary to ORC 145.31 and there is no administrative rule that precludes one retired to restore canceled service credit. So in this instance the lower court ignored the provisions of statute

[*sic*] because there is none [*sic*] that deals with this matter.

"3. It constitutes error to claim to dismiss the petition for declaratory judgment and then to rule on the rights of the appellant in this matter without a hearing. Due process of law consists of notice and a hearing, the Appellant [*sic*] did not get a hearing, on this matter.

"4. It constitutes error to make a ruling that is neither supported by statute nor administrative rule. The lower court ruled that after retirement redeposit can never take place but there is no statute to support that and there is no administrative rule that precludes redeposit after retirement either. This is abuse of discretion to make a ruling that is not supported by anything.

"5. It constitutes error to make a ruling on an administrative rule when statute [*sic*] is contrary to that administrative rule. The lower court ruled that benefits will not be paid until the date of redeposit, as set forth in administrative rule 145-19-01, and this is in direct contradiction to ORC 145.32."

Henslee raises similar issues in assignments of error one and five. These assignments of error will be discussed together.

Henslee maintains that the trial court erred in relying on Ohio Adm. Code 145-19-01 instead of R.C. 145.32 in deciding that, if she repurchased service credit, she would only receive retirement benefits effective as of the date of repurchase.

R.C. 145.31 discusses restoration of membership and service credit as follows:

"A member or former member of the public employees retirement system with at least eighteen months of contributing service credit in this system * * * after the withdrawal of contributions and cancellation of service credit in this system, may restore such service credit by redepositing in the employees' savings fund the amount withdrawn, with interest on such amount compounded annually at a rate to be determined by the public employees retirement board from the first day of the month of withdrawal to and including the month of redeposit. The member may choose to purchase only part of such credit in any one payment, subject to board rules. The total payment to restore canceled service credit, plus any interest credited thereto, shall be considered as accumulated contributions of the member."

R.C. 145.32 states, in pertinent part, as follows:

"A member, who has passed his sixtieth birthday and has five or more years of total service credit, or has twenty-five or more years of total service credit and has attained his fifty-fifth birthday, or has thirty or more years of total Ohio service credit, regardless of age, may file with the public employees retirement board an application for retirement.

"Service retirement shall be effective on the first day of the month immediately following the later of:

"(A) The last day for which compensation was paid;

"(B) The attainment of minimum age or service credit eligibility provided under this section."

Ohio Adm. Code 145-19-01 states, in pertinent part, as follows:

"(A) Benefits shall be effective the first day of the month following the later of:

"(1) Service termination date;

"(2) Eligibility by virtue of attaining the minimum age requirement;

"(3) Eligibility by virtue of accumulating required service credit, including purchase of any additional credit;

"(4) At a later date specified by a retiring member."

Henslee argues that Ohio Adm.

Code 145-19-01 denies what R.C. 145.32 grants, which is payment of retirement benefits on the first day of the month immediately following the last day for which compensation was paid, which would be November 1, 1985, in this case. A close reading of R.C. 145.31, 145.32, and Ohio Adm. Code 145-19-01 leads us to conclude that R.C. 145.32 would not allow Henslee to receive retirement benefits effective as of November 1, 1985, if she deposits previously withdrawn PERS contributions.

R.C. 145.32 states that retirement benefits shall be effective on the first day of the month following *the later of* the last day for which compensation was paid, or *the attainment of* minimum age *or service credit eligibility*. Should Henslee repurchase PERS contributions so as to entitle her to benefits based on approximately thirty-one rather than thirteen years of service credit, her retirement benefits would begin on the first day of the month following the day that she repurchased service credit. This is because repurchase of PERS service credit, *and eligibility based on thirty-one years of service credit,* would occur only when the deposit of previously withdrawn contributions, together with interest, is, in fact, made. This date would necessarily be later than the first day of the month immediately following October 26, 1985, the date of Henslee's last paycheck.

Chapter 145 of the Ohio Adm. Code discusses the procedures and rules applicable to PERS. Ohio Adm. Code 145-19-01 outlines in more detail than R.C. 145.32 when retirement benefits are to be paid. Ohio Adm. Code 145-19-01 states, in pertinent part, as follows:

"(A) Benefits shall be effective the first day of the month following the later of:

"* * *

"(3) Eligibility by virtue of ac-cumulating required service credit, *including purchase of any additional credit.*" (Emphasis added.)

Ohio Adm. Code 145-19-01 is consistent with R.C. 145.32. The trial court's reliance on Ohio Adm. Code 145-19-01, therefore, did not run afoul of R.C. 145.32. The first and fifth assignments of error are not well-taken.

Henslee argues in the second and fourth assignments of error that no statute disallows repurchase of PERS service credit after retirement.

R.C. 145.41 states that "[m]embership [in the public employees retirement system] shall cease * * * upon retirement except as provided in section 145.39 of the Revised Code."

R.C. 145.23(A) states:

"The employees' savings fund is the fund in which shall be accumulated contributions from the earnable salaries of contributors for the purchase of annuities or retirement allowances.

"The accumulated contributions of a contributor returned to him upon his withdrawal, or paid to his estate or designated beneficiary in the event of his death, shall be paid from the employees' savings fund. Any accumulated contributions forfeited by failure of a member, or his estate, to claim the same, shall be transferred from the employees' savings fund to the income fund. *The accumulated contributions of a contributor shall be transferred from the employees' savings fund to the annuity and pension reserve fund in the event of his retirement.*" (Emphasis added.)

These statutes provide that, once state employees retire, they no longer are members of PERS and cannot pay into the employees' savings fund. Should Henslee retire, she could not thereafter repurchase PERS service credit since her accumulated contributions would have been transferred to the annuity and pension reserve fund

which pays "* * * all pensions, retirement allowances, annuities, and benefits in lieu thereof, because of which reserves have been transferred from the employees' savings fund and the employers' accumulation fund." R.C. 145.23(C). R.C. 145.23(C) does not provide that repurchased PERS contributions can be paid into the annuity and pension reserve fund.

Henslee states that R.C. 145.31 allows former members to restore withdrawn service credit. She argues that R.C. 145.01 defines "retirant" as a former member.

R.C. 145.01(V) states:

" 'Retirant' means any former member who retires and is receiving a monthly allowance as provided in sections 145.32, 145.33, and 145.34 of the Revised Code * * *."

R.C. 145.31 states, in pertinent part:

"A member or former member of the public employees retirement system with at least eighteen months of contributing service credit in this system * * * after the withdrawal of contributions and cancellation of service credit in this sytem, *may restore such service credit by repositing in the employees' savings fund* the amount withdrawn, with interest on such amount compounded annually at a rate to be determined by the public employees retirement board from the first day of the month of withdrawal to and including the month of redeposit. * * *" (Emphasis added.)

While R.C. 145.31 allows a "former member" to redeposit service credit, that member cannot redeposit service credit if he or she is retired. Deposits for restoration of service credit must be paid into the employees' savings fund. R.C. 145.31. Upon retirement, contributions that were made to the employees' savings fund during employment are transferred to the annuity and pension fund. R.C. 145.23(A). In other words, after retirement, the employees' savings fund no longer exists for the retirant.

Henslee states that the administrative rules do not preclude repurchase of service credit after retirement. She states that Ohio Adm. Code 145-9-02 allows retired Ohio employees to present evidence of "prior service" and receive credit that was not claimed at the time of retirement. Ohio Adm. Code 145-9-02 states:

"Retired members shall be permitted to reopen their cases for the purpose of receiving additional prior service credit, not claimed at the time of retirement. * * *"

"Prior service" is defined as "* * * all service as a public employee rendered before January 1, 1935 * * *." R.C. 145.01(E). Since Henslee fails to show that she was a public employee prior to January 1, 1935, she cannot retire and then reopen her case. Ohio Adm. Code 145-9-02. The second and fourth assignments of error are not well-taken.

Henslee argues in her third assignment of error that her right to due process was violated since she received no notice or hearing regarding her petition for declaratory judgment. She fails to explain how her due process rights were violated.

Although no hearing was held before the trial court sustaining McLaughlin's motion to dismiss, Henslee's right to due process was not violated. Prior to filing her petition for declaratory judgment, Henslee apparently learned that she could not repurchase service credit after retirement and that, if she were to repurchase service credit, retirement benefits would begin on the first of the month following repurchase. By filing her petition for declaratory judgment and responding to McLaughlin's motion to dismiss, Henslee's arguments supporting her contention that this situation was unlawful were addressed to the trial court. The trial court was

not required to conduct a hearing because the case involved the application of law to undisputed facts. The third assignment of error is not well-taken.

Appellant's five assignments of error are overruled, and the judgment of the Franklin County Common Pleas Court is affirmed.

*Judgment affirmed.*

McCormac, P.J., and Strausbaugh, J., concur.

William H. Wolff, Jr., J., of the Second Appellate District, sitting by assignment.